# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AUTUMN ZETZ, et al., <br><br> Plaintiffs, <br><br> v. <br><br> BOSTON SCIENTIFIC CORPORATION, <br><br> Defendant. | Case No. 1:19-cv-00451-AWI-SAB <br><br> ORDER GRANTING PLAINTIFFS' REQUEST TO SEAL DOCUMENTS <br><br> (ECF No. 32) |

## I.
## BACKGROUND

Autumn Zetz and Eric Zetz (collectively "Plaintiffs") filed this action against Boston Scientific Corporation ("Defendant") in Fresno Superior Court on February 1, 2019. (ECF No. 1-1.) On April 12, 2019, Defendant removed the action to the Eastern District of California. (ECF No. 1.) The scheduling order in this matter was filed on October 11, 2019. (ECF No. 27.) According to the scheduling order, the parties were to exchange initial disclosures on or before November 1, 2019. (Id.)

On November 1, 2019, Plaintiff filed their initial disclosures on the docket.[1] (ECF No. 31.) On November 7, 2019, a notice of request to seal documents was filed. (ECF No. 32.)

## II.
## DISCUSSION

Plaintiffs seek to seal their initial disclosures because they were mistakenly filed on the

---

[1] The Court notes that the document was docketed as "Designation/Disclosure of Expert Witness."

1

docket in this case when there were only to be served on Defendant.

Courts have long recognized a "general right to inspect and copy public records and documents, including judicial records and documents." Kamakana v. City & Cnty. of Honolulu, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 597 & n. 7 (1978)). Nevertheless, this access to judicial records is not absolute. Kamakana, 447 F.3d at 1172. The court has recognized a category of documents that is not subject to the right of public access because the documents have "traditionally been kept secret for important policy reasons." Times Mirror Co. v. United States, 873 F.2d 1210, 1219 (9th Cir. 1989). Where documents accompany a motion for resolution of disputes on the merits that "is at the heart of the interest in ensuring the 'public's understanding of the judicial process and of significant public events[,] . . . " 'compelling reasons' must be shown to seal judicial records attached to a dispositive motion." Kamakana, 447 F.3d at 1179.

However, where the request to seal addresses "private materials unearthed in discovery," such as those at issue here, a different standard applies. Pintos v. Pac. Creditors Ass'n, 605 F.3d 665, 678 (9th Cir. 2010). To seal records attached to a discovery or non-dispositive motion, the moving party is required to show that good cause exists to seal the documents. Id. Good cause is a lower standard in which the Court balances the need for discovery against the need for confidentiality. Pintos, 605 F.3d at 678. "A party asserting good cause bears the burden, for each particular document it seeks to protect, of showing that specific prejudice or harm will result if no protective order is granted." Foltz v. State Farm Mut. Auto. Ins. Co., 331 F.3d 1122, 1130 (9th Cir. 2003); Phillips ex rel. Estates of Byrd v. Gen. Motors Corp., 307 F.3d 1206, 1210 (9th Cir. 2002). If the court finds that particularized harm will result from disclosure of the information it then balances the public and private interests to determine if the information should be filed under seal. Phillips, 307 F.3d at 1210.

The document at issue here is purely discovery and is not attached to any motion or matter before the court. Therefore, Plaintiff must show good cause to seal the document. Upon review of the initial disclosures, they contain private information regarding Plaintiffs and their witnesses, which includes addresses and phone numbers. Due to the fact that the disclosures

were not intended to be filed with the court and should only have been served on Defendant, Plaintiffs seek to have their initial disclosures sealed given the private nature of the information that is contained within. The Court recognizes the potential harm that could result from the disclosure of the private information that was mistakenly filed on the docket.

Recognizing that there is some public interest in the initial disclosures, initial disclosures are not the type of documents that are typically filed in the action and the parties were directed by the scheduling order to "exchange" initial disclosures. (ECF No. 27 at 2.) The materials do not shed any light on understanding the judicial process or the resolution of any issues in the case at this juncture. Weighing the public interest in the initial disclosures against the risk of harm due to the public disclosure of private information, the Court finds that the risk of harm due to the disclosure of the private information disclosed outweighs the public need for the information. The Court finds that good cause exists to seal Plaintiffs' initial disclosures.

## III.

## CONCLUSION AND ORDER

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiffs' request to seal, filed November 7, 2019 is GRANTED;
2. The Clerk of the Court SHALL SEAL the documents filed November 1, 2019; and
3. Upon receipt of this order, Plaintiffs SHALL FILE the request to seal documents, with the exception of Exhibit A attached to the declaration of Taylor French. See L.R. 141(e).

IT IS SO ORDERED.

Dated: **November 15, 2019**

UNITED STATES MAGISTRATE JUDGE