# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AUTUMN ZETZ, et al., | Case No.  1:19-cv-00451-AWI-SAB |
| Plaintiffs, | ORDER ENTERING STIPULATED PROTECTIVE ORDER |
| v. | (ECF No. 45) |
| BOSTON SCIENTIFIC CORP., | |
| Defendant. | |

**<u>STIPULATED CONFIDENTIALITY AGREEMENT</u>**

**I.     SCOPE OF PROTECTIVE ORDER**

Plaintiffs Autumn Zetz and Eric Zetz (collectively "Plaintiffs") and Defendant Boston Scientific Corporation ("Defendant") hereby enter into the following Stipulated Confidentiality Agreement ("Agreement") and state as follows:

The parties acknowledge that certain documents and information may be sought, produced, or exhibited by and between the parties and non-parties in this proceeding (the "Proceeding") and that some of these documents may relate to sensitive information which the party or non-party making the production deems confidential in accordance with the rules and standards of the Court.  Discovery in this case may involve production of confidential, proprietary, and private information for which special protection from public disclosure and from any purpose other than prosecuting litigation would be warranted.  Therefore, it has been agreed

1

by the parties to the Proceeding, through their respective counsel, that to expedite the flow of discovery material and to preserve the confidentiality of certain documents and information, a stipulated confidentiality agreement should be entered.  By stipulating to this Agreement, the parties have agreed to be bound by its terms and to request its enforcement by the Court as necessary.

**II.     DISCOVERY PHASE**

1.     This Agreement shall govern all documents and electronically stored information ("ESI"), the information contained therein, and all other information produced or disclosed during the Proceeding whether revealed in a document, deposition, other testimony, discovery response or otherwise, by any party, including any non-party, in this Proceeding (the "Producing Party") to any other party, including any non-party, when same is designated with the procedures set forth herein.  This Agreement is binding upon the parties to the Proceeding, including their respective corporate parents, subsidiaries, and affiliates, as well as their respective attorneys, agents, representatives, officers, and employees and others as set forth in this Agreement.  This Agreement is also binding on and applies to all non-parties who either produce or receive documents or information in connection with this Proceeding.

2.     A Producing Party may designate as "**CONFIDENTIAL**" any material the producing party believes in good faith constitutes or discloses information or that qualifies for protection pursuant to the Federal Rules of Civil Procedure, specifically information that is trade secret or other confidential research, development, or commercial information, and  materials that are deemed confidential under Federal Drug Administration ("FDA") regulations and Health Insurance Portability and Accountability Act ("HIPAA") statutes and/or regulations.

3.     Confidential information may be further designated as "**HIGHLY CONFIDENTIAL**" if the Defendant produces materials that it believes in good faith would, if disclosed, cause substantial economic harm to the competitive position of the entity from which the information was obtained because it relates to research and development material on a new product that has not been approved or cleared by the FDA or a similar regulatory body or reflects a party's price competitiveness in the market or marketing business strategies of a party

1  concerning a current or new product. The Plaintiff will inform the Producing Party of its intent
2  to disclose such information to any individual who is currently, or who at any time during the
3  pendency of this litigation becomes, a consultant to a competitor of the Producing Party in the
4  pelvic mesh business, or is a consultant to an entity actively investigating entering such business,
5  and Plaintiff will follow the procedures for disclosure of such materials to such individual as
6  provided in Paragraph II.8 of this Agreement.

7      4. The designation of **"CONFIDENTIAL"** or **"HIGHLY CONFIDENTIAL"**
8  does not include any material, document, or testimony that has been admitted into evidence in
9  any trial without any protections by the trial court. Any document admitted as a trial exhibit or
10 trial testimony for which a trial court has maintained its **"CONFIDENTIAL"** or **"HIGHLY**
11 **CONFIDENTIAL"** designation during trial and that has been sealed or otherwise protected
12 from disclosure by order of the trial court will remain a **"CONFIDENTIAL"** or **"HIGHLY**
13 **CONFIDENTIAL"** absent a separate order of the Court in this matter.

14     5. <u>Challenges to Designations or Redacted Information</u>: Any party may at any time
15 challenge the redaction or the designation of information as **CONFIDENTIAL** or **HIGHLY**
16 **CONFIDENTIAL** to serve a legitimate judicial purpose (e.g., to support a dispositive motion)
17 by providing written notice of its objection to the designating party, or, in the case of a
18 deposition, either on the record at a deposition or in writing later. If, after a timely meet-and-
19 confer process, the parties cannot reach agreement, either the designating party or challenging
20 party may, on reasonable notice, apply for an appropriate ruling from the Court. The disputed
21 material shall continue to be treated as designated, or redacted, until the Court orders otherwise.
22 In any such application concerning a ruling on confidentiality or redacted information, the party
23 claiming the designation of confidentiality or redaction has the burden of establishing that such
24 confidential designation or redaction is proper.

25     6. No person or party subject to this Agreement shall distribute, transmit, or
26 otherwise divulge any material marked **CONFIDENTIAL** or **HIGHLY CONFIDENTIAL**,
27 except in accordance with this Agreement.

28     7. <u>Use of Confidential Material Limited to this Action</u>: Any document or other

1  material which is marked **CONFIDENTIAL** or **HIGHLY CONFIDENTIAL**, or the contents
2  thereof, may be used by a party, or a party's attorney, expert witness, consultant, or other person
3  to whom disclosure is made, only for the purpose of this action.  Nothing contained in this
4  Agreement shall prevent the use of any document, or the contents thereof, at any deposition
5  taken in this litigation.  If a party intends to use material that has been marked as **HIGHLY**
6  **CONFIDENTIAL** at the deposition of an employee or former employee of a non-producing
7  party in this litigation, then the party shall notify the Producing Party five (5) days in advance of
8  the deposition that it intends to use that category of material.  If the parties cannot agree on
9  parameters for usage of the material at the deposition, then the parties will seek the direction of
10 the Court as to the utilization of that category of material in the deposition.

11        8.      <u>Access to Confidential Material</u>: If a party or attorney wishes to disclose any
12 document or other material marked **CONFIDENTIAL** or **HIGHLY CONFIDENTIAL**, or the
13 contents thereof, to any person retained to work on this action (e.g., expert witness, consultant),
14 the person making the disclosure shall do the following:

15              a. Provide a copy of this Order to the person to whom disclosure is made;
16              b. Inform the person to whom disclosure is made that s/he is bound by this
17                 Order;
18              c. Require the person to whom disclosure is made to sign an acknowledgment
19                 and receipt of this Order, attached as Exhibit A;
20              d. Instruct the person to whom disclosure is made to return or, in the alternative
21                 and with permission of the Producing Party, at the conclusion of this litigation
22                 to destroy any document or other material which is marked
23                 **CONFIDENTIAL** or **HIGHLY CONFIDENTIAL**, including notes or
24                 memoranda made from **CONFIDENTIAL** or **HIGHLY CONFIDENTIAL**
25                 material;
26              e. Maintain a list of persons to whom disclosure was made and the
27                 **CONFIDENTIAL** or **HIGHLY CONFIDENTIAL** materials which were
28                 disclosed to that person;

  f. At the conclusion of this litigation, gather the **CONFIDENTIAL** or **HIGHLY CONFIDENTIAL** materials, copies thereof, and related notes and memoranda, and return them to the party or attorney who originally disclosed them, or destroy them, providing a certificate of compliance with the terms of this Agreement.

9. <u>Disclosure Requirements for **HIGHLY CONFIDENTIAL** information to Competitor Related Consultants</u>: Prior to disclosure, Plaintiff will inform the Producing Party of its intent to disclose **HIGHLY CONFIDENTIAL** material to anyone who is currently, or who at any time during the pendency of this litigation becomes, an employee, officer, director or consultant to a competitor (as such individuals are defined in Paragraph II.3 above) in the manner set forth below:

  a. Give at least ten (10) days notice in writing to counsel for the party who designated such information as **HIGHLY CONFIDENTIAL** of the intent to so disclose that information, although the disclosing party is not required to identify the intended recipient of such materials.

  b. Within ten (10) days thereafter, counsel for the parties shall attempt to resolve any disputes between them regarding the production of the **HIGHLY CONFIDENTIAL** material to the intended individuals.

  c. If the parties are unable to resolve any dispute regarding such production, within an additional seven (7) days, the party who designated the information in question as **HIGHLY CONFIDENTIAL** shall file a motion objecting to the proposed disclosure. In making such motion, it shall be the Producing Party's burden to demonstrate good cause for preventing the disclosure.

  d. If the Court permits disclosure of the material designated as **HIGHLY CONFIDENTIAL** at issue, the information remains designated as **HIGHLY CONFIDENTIAL** and the individual receiving such information shall be bound by the requirements of Paragraph II.7.

10. <u>Redaction of Confidential Material</u>: The parties recognize that the FDA, other

governmental agencies, and certain federal statutes require redaction of certain information prior to production of certain information by Defendant and that Defendant will comply with those requirements and redact such information as directed.  Any party challenging information that has been redacted may do so in accordance with Paragraph II.4 of this Agreement, or otherwise in accordance with Federal Rules of Civil Procedure.

11. <u>Use of Confidential Material at Depositions</u>: All transcripts and exhibits shall be treated as if designated **CONFIDENTIAL** for a period of thirty (30) days after the final transcript is available from the court reporter.  Counsel for any party may designate during the deposition or during the thirty (30) day period after the final transcript is available from the court reporter any portion of the transcript as **CONFIDENTIAL** or **HIGHLY CONFIDENTIAL** by denominating by page and line, and by designating any exhibits, that are to be considered **CONFIDENTIAL** or **HIGHLY CONFIDENTIAL** pursuant to the criteria set forth in this Agreement.  Such designation shall be communicated to all parties. Transcript portions and exhibits designated in accordance with this paragraph shall be disclosed only in accordance with this Agreement.  A party may challenge the **CONFIDENTIAL** or **HIGHLY CONFIDENTIAL** designation or portions thereof in accordance with the provisions of Paragraph II.4 above.

12. <u>Inadvertent Failure to Properly Designate Confidential Material</u>: Inadvertent production of any document or information without a designation of **CONFIDENTIAL** or **HIGHLY CONFIDENTIAL** will not be deemed to waive a party's claim to its confidential nature or estop said party from designating said document or information as **CONFIDENTIAL** or **HIGHLY CONFIDENTIAL** at a later date.  Disclosure of said document or information by another party prior to such later designation shall not be deemed a violation of the provisions of this Agreement.

13. <u>Inadvertent Disclosure of Privileged Documents, "Clawback" Procedure</u>: Inadvertent production of documents or ESI (collectively "Inadvertently Produced Documents") subject to work-product or attorney-client privilege, or other legal privilege protecting information from discovery, shall not constitute a waiver of the privilege, provided that the Producing Party shall notify the receiving party in writing as set forth herein.  In the event that a

6

party inadvertently produces documents or ESI subject to a claim of privilege, the Producing Party shall, within ten (10) days of the discovery of the inadvertent disclosure, notify the other party in writing of the inadvertent disclosure. The Producing Party may, in the notice, request a "clawback" of the inadvertently disclosed material. The party receiving such clawback notice shall immediately and diligently act to retrieve the Inadvertently Produced Documents, and all copies, including any loaded to databases, and return them to the Producing Party or destroy them as agreed between the parties. All notes or other work product of the receiving party reflecting the contents of such materials shall be destroyed and not used.

If the receiving party elects to file a motion as set forth below, the receiving party, subject to the requirements below, may retain possession of the Inadvertently Produced Documents as well as any notes or other work product of the receiving party reflecting the contents of such materials pending the resolution by the Court of the motion below, but the receiving party shall segregate and not use them pending resolution of the motion. If the receiving party's motion is denied, the receiving party shall promptly comply with the immediately preceding provisions of this paragraph. No use shall be made of such Inadvertently Produced Documents during depositions or at trial, nor shall they be disclosed to anyone who was not given access to them prior to the request to return or destroy them, unless otherwise ordered by the Court.

The party receiving such Inadvertently Produced Documents may, after receipt of the Producing Party's notice of inadvertent production, move the Court to dispute the claim of privilege.

14. Pursuant to Federal Rule of Evidence 502, there is no waiver of privilege or work product protection in this matter or any other matter in any other jurisdiction for any document clawed-back under this clause, or for the subject matter of any such document, whether the privileged document was inadvertently provided following review or as part of a "Quick Peek" production. In the event that any party receives information produced in discovery from any other party that reasonably appears to be Inadvertently Produced Documents, the receiving party shall promptly notify the Producing Party in writing of the apparent inadvertent production.

///

## III. PROCEDURE FOR SUBMITTING CONFIDENTIAL DISCOVERY MATERIAL TO THE COURT

1. <u>Filing of Confidential Information</u>: If either party desires to file anything with the Court that previously has been designated as Confidential Information, that party must move to file the Confidential Information under seal, unless the Producing Party provides written consent in advance that filing the Confidential Information under seal is unnecessary.  Any such motion to file under seal shall be made in accordance with Eastern District of California Local Rule 141.  If the motion is granted, and to the extent not inconsistent with Local Rule 141, such documents and materials shall be appropriately labeled and shall also bear the legend "FILED UNDER SEAL" on the cover page of the document.  Only those portions of such documents and materials containing or reflecting Confidential Information shall be considered Confidential or Highly Confidential for the purposes of this Agreement.  Regardless of any provision in this Agreement to the contrary, a party is not required to file a document under seal if the Confidential Information contained or reflected in the document was so designated solely by that party.

2. In motion practice concerning the designation of materials as **CONFIDENTIAL** or **HIGHLY CONFIDENTIAL**, the parties shall make every effort to limit the submission of material to include only that information that is in dispute and not extraneous.

## IV. POST DISCOVERY PHASE

1. If any party or attorney wishes to file, or use as an exhibit or as testimonial evidence at a hearing or trial, any **CONFIDENTIAL** or **HIGHLY CONFIDENTIAL** material, such party must provide reasonable notice to the Producing Party of the intended use of such information. The parties shall then attempt to resolve the matter of continued confidentiality by either: (a) removing the **CONFIDENTIAL** or **HIGHLY CONFIDENTIAL** marking, (b) creating a mutually acceptable redacted version that suffices for purposes of the case, or (c) conferring about methods to avoid or limit public disclosure of such information during testimony. If an amicable resolution proves unsuccessful, the parties may present the issue to the Court for resolution.  The proponent of continued confidentiality will have the burden of

1  persuasion that the document or material should be withheld from the public record.

2      2.    <u>Survival of Agreement:</u>  Throughout and after the conclusion of this litigation, 3 including any appeals, the restrictions on communication and disclosure provided for herein shall 4 continue to be binding upon the parties and all other persons to whom **CONFIDENTIAL** and 5 **HIGHLY CONFIDENTIAL** material has been communicated or disclosed pursuant to the 6 provisions of this Agreement or order of the Court.

7      3.    <u>Return or Destruction of Confidential Material Upon Termination of Litigation</u>: 8 Within sixty (60) days after the final termination of this litigation, each party, upon request of the 9 other party, shall either return to the producing party, or destroy, all **CONFIDENTIAL** and 10 **HIGHLY CONFIDENTIAL** material designated by any other party (including any such 11 material disclosed to third persons), except for any attorneys' work-product for the party 12 returning the material, and shall provide certification in writing to opposing counsel if such 13 materials are destroyed.

14      4.    <u>Modification of this Agreement:</u>  Nothing in this Agreement shall prevent any 15 other party from seeking amendments broadening or restricting the rights of access to or the use 16 of **CONFIDENTIAL** and/or **HIGHLY CONFIDENTIAL** material or otherwise modifying this 17 Agreement, and this Agreement may be amended without leave of the Court by the agreement of 18 the undersigned attorneys for the parties in the form of a written stipulation.

20      IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD:

21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

Date: June 15, 2020 **BOSSIER & ASSOCIATES, PLLC**

By: */s/ Larissa A. Davis*
SHEILA M. BOSSIER (E-signature authorized on June 15, 2020)
LARISSA A. DAVIS

Attorneys for Plaintiffs
AUTUMN ZETZ and ERIC ZETZ

Date: June 15, 2020 **FAEGRE DRINKER BIDDLE & REATH LLP**

By: */s/ Karen M. Firstenberg*
TARIFA B. LADDON
KAREN M. FIRSTENBERG
THEODORE E. O'REILLY

Attorneys for Defendant
BOSTON SCIENTIFIC CORPORATION

# EXHIBIT A

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AUTUMN ZETZ and ERIC ZETZ,<br><br>Plaintiffs,<br><br>v.<br><br>BOSTON SCIENTIFIC CORPORATION,<br><br>Defendant. | Case No. 1:19-cv-00451-AWI-SAB<br><br>Hon. Anthony W. Ishii<br>Courtroom 2<br><br>**STIPULATED CONFIDENTIALITY AGREEMENT**<br><br>Action Filed:   January 30, 2019<br>Removal Date: April 12, 2019 |

**AGREEMENT TO BE BOUND BY STIPULATED CONFIDENTIALITY AGREEMENT**

I have read and understand the Stipulated Confidentiality Agreement ("Agreement") entered by the parties in *Autumn Zetz and Eric Zetz v. Boston Scientific Corporation*.  I understand the terms of the Agreement, I agree to be fully bound by the Agreement, and I hereby submit to the jurisdiction of the United States District Court for the Eastern District of California for purposes of enforcement of the Agreement.

I declare under penalty of perjury that the foregoing is true and correct.


Executed this _____ day of _____, 20_____.


                                        By _____
                                              (signature)

                                           _____
                                              (printed name)

### **ORDER ENTERING STIPULATED PROTECTIVE ORDER**

Pursuant to the stipulation of the parties, IT IS HEREBY ORDERED that:

1. The above stipulated protective order is entered;

2. The parties are advised that pursuant to the Local Rules of the United States District Court, Eastern District of California, any documents which are to be filed under seal will require a written request which complies with Local Rule 141;

3. The party making a request to file documents under seal shall be required to show good cause for documents attached to a nondispositive motion or compelling reasons for documents attached to a dispositive motion. Pintos v. Pacific Creditors Ass'n, 605 F.3d 665, 677-78 (9th Cir. 2009); and

4. If a party's request to file Protected Material under seal is denied by the Court, then the previously filed material shall be immediately accepted by the court and become information in the public record and the information will be deemed filed as of the date that the request to file the Protected Information under seal was made.

IT IS SO ORDERED.

Dated:   **June 22, 2020**

UNITED STATES MAGISTRATE JUDGE